IN THE MATTER OF THE ELECTION OF TRUSTEES OF THE NEW YORK EXPRESS COMPANY.

*Chapter 254 of 1880 — operates retrospectively.*

Chapter 254 of 1880 exempting corporations organized under the general manu-
facturing act from the operation of sections 5, 6 and 8 of 1 Revised Statutes,
603, providing for the determination, on a summary application, of the claims
of persons to have been elected officers of a corporation, operates retrospect
ively, and prevents the further prosecution of proceedings theretofore com-
menced and then pending under and in pursuance of the said sections of the
Revised Statutes.

APPEAL from an order made at Special Term dismissing these proceedings.

This application was made under 1 Revised Statutes, 603, section 5, for an order declaring that Edward Kearney, John H. Mooney and Joseph J. O'Donohue were not elected trustees at the election held March 15, 1880, and that Erastus Brooks, James Wilton Brooks and Samuel Marsh were so elected at that time.

The application was made to the court for this order on March 18th, and on March 29th the papers on both sides were read to the court, when Mr. Justice DANIELS, of his own motion, made an order referring the issues herein to Rufus F. Andrews, to take proofs and report.

While this proceeding and reference were pending, and on May 11, 1880, the legislature passed an act (Laws 1880, chap. 254) pro-

·viding that corporations organized under the general manufacturing act (of which this is one) should be "exempted" from sections 5, 6 and 8 of that part of the Revised Statutes already referred to.

On July fifteenth, the respondents moved at a Special Term held by Mr. Justice DONOHUE, to dismiss the proceedings and vacate all orders entered herein; and on August tenth, Mr. Justice DONOHUE granted such an order, from which the applicants now appeal to the General Term.

*Thos. G. Shearman,* for the appellants.

*John H. Strahan* and *Albert Cardozo,* for the respondents.

BRADY, J.:

·The New York Express Company is a corporation formed under the act passed in February, 1848, and the acts amendatory thereof and supplemental thereto. An election for trustees of this company was held on the 15th of March, 1880, and the appellants, Messrs. James Wilton Brooks, Samuel Marsh and Erastus Brooks, claimed that they had been duly elected and should have been so declared instead of three others; and they presented an application to this court under the provisions of the Revised Statutes (see 1 R. S., 603, § 5), which provides for a summary application, and imposes the duty of establishing the election complained of, or ordering a new election, and of making such order and giving such relief in the premises as right and justice may require. While the proceedings, which were sent to a referee to take proof, were pending, the legislature passed an act (chap. 254, Laws 1880) which exempted corporations organized under the Laws of 1848 from the provisions of the statute referred to, and it was declared that the act should take effect immediately.

The question presented, therefore, is whether the statute mentioned has a retroactive effect, or is to be construed as simply affecting proceedings thereafter commenced. The act of 1880 related to a statutory proceeding summary in its character, and did not destroy any right, on the part of the appellants, to institute a proceeding for the purpose of determining whether or not they were legally elected trustees. It affected only their right to employ

the summary proceedings which have been already mentioned. It only related to the form of the proceeding. It did not deprive the appellants of their other remedy.

The right to a particular remedy is not a vested one. (*Butler* v. *Palmer*, 1 Hill, 330; see *People* v. *Roper*, 35 N. Y., 638; Cooleys' Constitutional Limitations, 361, *et seq.*) The class of cases which the appellant's counsel has cited are illustrative of the proposition that the legislature cannot destroy a vested right of action, a proposition which it would be unseemly to deny. But the principle does not apply where the act complained of merely alters or modifies the remedy. In this case, for example, when the act of the legislature was passed, relating as it did to a statutory jurisdiction, and taking effect immediately, there was no power left in the court to make the order which the statute contemplates, because there were no saving clauses in the exempting act. But this did not prevent the appellants from resorting to another remedy. The legislature provided a summary mode of relief and repealed the law by which it was granted. There was no power remaining in the court to do anything under the original statute in this proceeding, therefore, because as to this proceeding the original statute was absolutely destroyed.

For these reasons it is thought that the order appealed from must be affirmed.

BARRETT, J., concurred.

Present — BRADY and BARRETT, JJ.

Order affirmed.